IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEREK WILLIAMS,

                                        ORDER

                Plaintiff,

                                    09-cv-485-bbc

      v.

Mr. RICK RAEMISCH, Secretary;
Ms. WELCOME ROSE, Investigator;
Mr. WILLIAM POLLARD, Warden;
LT. CAMPBELL, Security Staff;
Ms. DIANE LONGSINE, Program Assistant;
Any and ALL JOHN/JANE DOE Unknown Parties -
Subordinate to "Warden";

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case for monetary, injunctive and declaratory relief brought pursuant to 42 U.S.C. § 1983, plaintiff Derek Williams alleges violations of his rights to equal protection and due process under the Fourteenth Amendment, his right to free speech under the First Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff has paid the $350 filing fee.

      Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny him leave to proceed if his complaint is legally frivolous, malicious, fails to

1

state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, plaintiff is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time because his complaint violates Fed. R. Civ. P. 20. Accordingly, I will reserve ruling on the merits of his complaint until he remedies the Rule 20 violations.

OPINION

Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20. Intercon Research Association, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice &

Procedure).  This means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18.  In addition, under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

For example, a plaintiff could have one lawsuit for breach of contract against defendants Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against defendants Smith, Jones and Brown.  If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of defendants (Smith and Jones) is common to both claims.

Applying these rules to plaintiff's complaint, I conclude that plaintiff is raising claims that belong in two different lawsuits:

- Lawsuit #1: Plaintiff contends that (1) defendant Lt. Campbell violated plaintiff's Fourteenth Amendment procedural due process rights by holding an unfair disciplinary hearing to punish plaintiff for allegedly fighting with a white inmate; (2) after the hearing, defendant Campbell violated plaintiff's equal protection rights by sentencing plaintiff to a harsher punishment than was given to the white inmate involved in the same incident; (3) defendant Campbell violated plaintiff's right to be free from cruel and unusual punishment by sentencing him to the segregation unit, which was unbearably cold, bright, noisy and aggravated his mental health problems; and (4) defendants Rick Raemisch, Welcome Rose and William Pollard violated plaintiff's due process, equal protection and Eighth Amendment rights by failing to investigate and improperly rejecting

3

> plaintiff's complaints of an unfair hearing, racial discrimination and harsh conditions in the segregation unit.
>
> • Lawsuit #2: Plaintiff contends that (1) defendant Pollard violated plaintiff's equal protection rights by imposing visitation restrictions on plaintiff which are more severe than any restrictions imposed on white inmates; (2) defendant Longsine violated plaintiff's right to free speech by unlawfully censoring his complaints regarding his visitation privileges; and (3) defendant Rose and Raemisch violated plaintiff's rights to equal protection by failing to investigate and improperly dismissing plaintiff's complaint of racial disparity.

Under George, I may apply plaintiff's filing fee to only one of these lawsuits. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuit, plaintiff has a more difficult choice. If he chooses to pursue it separately, he will be required to pay a separate filing fee of $350. If plaintiff wishes to combine his two lawsuits without paying another filing fee, he will have to dismiss the defendants who prevent him from complying with Rule 20. Alternatively, plaintiff may choose to dismiss one of his lawsuits voluntarily. If he chooses this latter route, plaintiff will not owe an additional filing fee. A lawsuit dismissed voluntarily would be dismissed without prejudice, allowing plaintiff to bring it at another time.

Plaintiff should be aware that because it is not clear at this time whether he will pursue both of his lawsuits, I have not assessed the merits of any of his claims. Once plaintiff identifies the suit(s) he wants to continue to litigate, I will screen the individual

4

actions that remain, as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces an additional filing fee for a second lawsuit, he should consider carefully the merits and relative importance of both of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that:

1. Plaintiff Derek Williams may have until October 2, 2009, to identify for the court which numbered lawsuit identified in the body of this opinion he wishes to proceed on under the number assigned to this case.

2. Plaintiff may have until October 2, 2009, in which to advise the court whether he will prosecute the remaining lawsuit or withdraw it voluntarily. If plaintiff dismisses a lawsuit voluntarily, he will not owe a filing fee. If plaintiff advises the court that he intends to prosecute a second lawsuit, he will owe a separate $350 filing fee.

3. If plaintiff fails to respond to this order by October 2, I will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to

prosecute.

Entered this 17th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge