IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEREK WILLIAMS,

                Plaintiff,

        v.

Mr. RICK RAEMISCH, Secretary;
Ms. WELCOME ROSE, Investigator;
Mr. WILLIAM POLLARD, Warden;
LT. CAMPBELL, Security Staff;
Ms. DIANE LONGSINE, Program Assistant;
Any and ALL JOHN/JANE DOE Unknown Parties -
Subordinate to "Warden";

                Defendants.

ORDER

09-cv-485-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case for monetary, injunctive and declaratory relief brought pursuant to 42 U.S.C. § 1983, plaintiff Derek Williams alleges violations of his rights to equal protection and due process under the Fourteenth Amendment, his right to free speech under the First Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment.  On September 18, 2009, I told plaintiff that his initial complaint violated Fed. R. Civ. P. 20, and I gave him until October 2 to advise the court of the claims on which he wished to proceed.  Dkt. #3.  Instead of correcting his Rule 20

1

problems, plaintiff has filed a motion for reconsideration, asking the court to reconsider its "erroneous" application of Rule 20.  Plaintiff's motion for reconsideration will be denied.

In his complaint, plaintiff alleges the following facts.

## ALLEGATIONS OF FACT

### A.  <u>The Parties</u>

Plaintiff Derek Williams is a prisoner at the Green Bay Correctional Institution in Green Bay, Wisconsin.  Defendant Rick Raemisch is Secretary of the Wisconsin Department of Corrections.  Defendant William Pollard is the warden of the Green Bay Correctional Institution.   Defendant Welcome Rose is an investigator in the Inmate Complaint Examination Department.  Defendant Lt. Campbell is a hearing officer at the Green Bay Correctional Institution and defendant Diane Longsine is a program assistant in the Inmate Complaint System Office.

### B.  <u>Events Related to Plaintiff's  Alleged Fight with Another Inmate</u>

On December 12, 2008, plaintiff was accused of fighting with a white inmate.  On December 16, 2008, plaintiff was served with an Adult Major Conduct Violation Report, and was told that a disciplinary hearing regarding the incident would be held on December 29.  Before the hearing, plaintiff attempted to gather witnesses and evidence, including a

2

security videotape, to prove that he did not fight with the white inmate.  A staff advocate met with plaintiff to discuss the hearing, but because there was some confusion about whether the staff advocate was correctly assigned to plaintiff's case, the advocate refused to accept the list of requested evidence and witness-contact questions that plaintiff had prepared for his defense.

Defendant Lt. Campbell presided over the disciplinary hearing.  Before the hearing began, plaintiff requested that the hearing be postponed because the staff advocate did not gather the witnesses or evidence that plaintiff had requested.  Campbell refused to postpone the hearing, stating that "it didn't matter what the tape showed," because he already "knew what went on here."  At the hearing, plaintiff repeatedly denied fighting, and submitted a two-page written statement in his defense.  Campbell accepted only one page of the statement, returning the second page to plaintiff.  At the conclusion of the hearing, Campbell found plaintiff guilty of fighting and issued a punishment of 120 days' disciplinary separation in the segregation unit.  This sentence was 30 days longer than is normally given for fighting.

On December 30, 2008, the white inmate who was allegedly involved in the fighting incident had a separate disciplinary hearing after which he was also found guilty of fighting. As punishment, the white inmate lost 61 days of recreation.  The white inmate had a worse institutional conduct record than plaintiff, but unlike plaintiff, the white inmate did not

3

have to spend any time in the segregation unit.

Plaintiff appealed his sentence to defendant William Pollard.  Pollard reduced plaintiff's charge from "fighting" to "disruptive conduct," and reduced his sentence to 60 days' disciplinary separation in the segregation unit.  Plaintiff appealed his sentence again. On March 26, 2009, defendant Welcome Rose issued a recommendation that plaintiff's appeal be dismissed because Pollard had agreed to grant plaintiff a new disciplinary hearing. However, plaintiff never received a new disciplinary hearing, so he submitted a grievance to defendant Rick Raemisch.  Plaintiff has not received a response from Raemisch.

Meanwhile, from December 12, 2008 to February 6, 2009, plaintiff was incarcerated in the segregation unit, where a 60-watt lightbulb shone 24 hours a day, the temperature was between 40 and 50 degrees, surrounding inmates were constantly screaming and beating on the walls and plaintiff was denied accessed to clinical staff for his mental health problems. Plaintiff complained to defendant Campbell that he was cold, suffering from sleep deprivation, headaches, depression and loss of appetite, but nothing changed.  Campbell deliberately ignored plaintiff's complaints. Plaintiff then filed grievances regarding the segregation conditions, but defendant Pollard dismissed the complaints and defendant Raemisch "rubber-stamped" Pollard's dismissal.

4

## C.  Plaintiff's Visitation Rights

In 2003, while incarcerated at Waupun Correctional Institution, plaintiff's visitation rights had been suspended because one of his visitors had attempted to deliver prohibited items to him through the assistance of a staff member.  After he was transferred to Green Bay, plaintiff sought reinstatement of his visitation rights.  In 2008, plaintiff regained no-contact visitation privileges.  In 2009, plaintiff requested full contact visitation privileges from defendant Pollard, noting that no white prisoner has ever been deprived visitation rights for more than five years, or been restricted to no-contact visitation for more than one year.   Defendant Pollard denied the request and plaintiff filed an inmate complaint. Defendant Diane Longsine filed plaintiff's complaint, but first she censored it, removing language plaintiff had used to describe the racially offensive treatment that he was receiving. Plaintiff appealed the denial of visitation rights and Longsine's censorship.  Defendants Pollard, Rose and Raemisch dismissed plaintiff's appeals.


## OPINION

As I previously explained to plaintiff, Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or

occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed.1978).  Plaintiff alleges that multiple constitutional violations were committed by multiple people.  In his motion for reconsideration, however, plaintiff contends that his right to relief arises out of a series of related occurrences and there is a common issue of law or fact that must be resolved as to all parties.  Specifically, plaintiff contends that all of his claims are connected by defendants Rick Raemisch's, William Pollard's and Welcome Rose's decisions to "turn[] a blind eye to [the] well documented history and problem of race based discriminatory treatment within the State Prison system" and their "inaction on addressing [the] continuing regime of racial terrorism."

Plaintiff seems to be relying on one of two theories.  First, plaintiff contends that defendants Raemisch, Pollard and Rose violated his right to equal protection by turning a "blind eye" to defendants Lt. Campbell's and Diane Longsine's violations of plaintiff's constitutional rights.  Thus, plaintiff argues, Campbell and Longsine are "procedurally required" parties because their behavior provides the necessary evidence to show that Raemisch, Pollard and Rose are liable in their supervisory capacity for racial discrimination. However, whether defendants Raemisch, Pollard and Rose "turned a blind eye" to either Campbell's or Longsine's behavior is not an issue of law or fact that is common to *all* of the defendants.  There is still no connection between plaintiff's claims against Campbell and his

claims against Longsine.  As I explained to plaintiff in September 18, 2009 order, dkt. #3, claims against Campbell and Longsine must be brought in two separate lawsuits.

Plaintiff's second theory is that defendants Raemisch, Pollard and Rose operate a policy of "racial terrorism," and Campbell and Longsine are subordinate employees who implement the policy by discriminating against inmates based on race.  As proof, plaintiff has attached an April 2, 2002 letter written by a state senator to the warden of Taycheedah Correctional Institution regarding racial and sexual discrimination of female inmates at Taycheedah and a newspaper article discussing a federal investigation at Columbia Correctional Institution.  Plaintiff argues that Rule 20 is satisfied because there is a question of law or fact common to all parties, namely, whether defendants Raemisch, Pollard and Rose promote a policy of racial discrimination.  However, plaintiff has alleged no facts to suggest that Raemisch, Pollard and Rose have personally fostered and encouraged a policy of racial terrorism.  Evidence of possible discrimination at other institutions alone does not establish plausible grounds for inferring that a department-wide policy exists.

In other words, plaintiff's theory that a pattern and policy of racial discrimination ties his claims together is one that violates Fed. R. Civ. P. 8, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The primary purpose of this rule is rooted in fair notice.  The standards enunciated by the United States Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544

(2007) and <u>Ashcroft v. Iqbal</u>, __ U.S.__, 129 S. Ct. 1937 (2009), instruct litigants that they must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949; <u>see</u> <u>also</u> <u>Hecker v. Deere & Co.</u>, 569 F.3d 708, 710-11 (7th Cir. 2009). Because plaintiff's bald assertion of a policy of "racial terrorism" fails to satisfy Rule 8 he cannot rely on it to transform his separate and distinct allegations of constitutional violations into "a series of transactions" that satisfies Rule 20.

Although I will deny plaintiff's motion for reconsideration, I will extend the deadline in which plaintiff may amend his complaint and advise the court what claims he wishes to prosecute under the number assigned to this case. As I explained to plaintiff in the September 18, 2009 order, dkt. # 3, his claims belong in two separate lawsuits:

- Lawsuit #1: Plaintiff contends that (1) defendant Lt. Campbell violated plaintiff's Fourteenth Amendment procedural due process rights by holding an unfair disciplinary hearing to punish plaintiff for allegedly fighting with a white inmate; (2) after the hearing, defendant Campbell violated plaintiff's equal protection rights by sentencing plaintiff to a harsher punishment than was given to the white inmate involved in the same incident; (3) defendant Campbell violated plaintiff's right to be free from cruel and unusual punishment by sentencing him to the segregation unit, which was unbearably cold, bright, noisy and aggravated his mental health problems; and (4) defendants Rick Raemisch, Welcome Rose and William Pollard violated plaintiff's due process, equal protection and Eighth Amendment rights by failing to investigate and improperly rejecting plaintiff's complaints of an unfair hearing, racial discrimination and harsh conditions in the segregation unit.

8

- Lawsuit #2: Plaintiff contends that (1) defendant Pollard violated plaintiff's equal protection rights by imposing visitation restrictions on plaintiff which are more severe than any restrictions imposed on white inmates; (2) defendant Longsine violated plaintiff's right to free speech by unlawfully censoring his complaints regarding his visitation privileges; and (3) defendant Rose and Raemisch violated plaintiff's rights to equal protection by failing to investigate and improperly dismissing plaintiff's complaint of racial disparity.

Under George, I may apply plaintiff's filing fee to only one of these lawsuits. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number. If plaintiff chooses to pursue the other lawsuit separately, he will be required to pay a separate filing fee of $350. If plaintiff wishes to combine his two lawsuits without paying another filing fee, he will have to dismiss the defendants who prevent him from complying with Rule 20. For example, plaintiff could dismiss his claims against defendants Campbell and Longsine and proceed on all claims against defendants Raemisch, Pollard and Rose. Alternatively, plaintiff may choose to dismiss one of his lawsuits voluntarily. If he chooses this latter route, plaintiff will not owe an additional filing fee. A lawsuit dismissed voluntarily would be dismissed without prejudice, allowing plaintiff to bring it at another time.

ORDER

IT IS ORDERED that

9

1.  Plaintiff Derek Williams's motion for reconsideration of the September 18, 2009 order, dkt. # 4, in which I found plaintiff's complaint to be in violation of Fed. R. Civ. P. 20 is DENIED.

2.  Plaintiff may have until October 20, 2009, to either identify for the court which numbered lawsuit identified in the body of this opinion he wishes to proceed on under the number assigned to this case, or submit an amended complaint that complies with Fed. R. Civ. P. 8 and 20.

3.  Plaintiff may have until October 20, 2009, in which to advise the court whether he will prosecute the remaining lawsuit or withdraw it voluntarily.  If plaintiff dismisses a lawsuit voluntarily, he will not owe a filing fee.  If plaintiff advises the court that he intends to prosecute a second lawsuit, he will owe a separate $350 filing fee.

3.  If plaintiff fails to respond to this order by October 20, 2009, I will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to prosecute.

Entered this 5th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10