IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK WILLIAMS,

                    Plaintiff,                    OPINION AND ORDER

    v.
                                                   09-cv-485-wmc

WILLIAM POLLARD and
LT. CAMPBELL,
                    Defendants.

---

DEREK WILLIAMS,

                    Plaintiff,                    OPINION AND ORDER

    v.
                                                   09-cv-641-wmc

WILLIAM POLLARD and
RICK RAEMISCH,
                    Defendants.

---

      Plaintiff Derek Williams has filed a motion for a preliminary injunction in these two cases in which he seeks to enjoin Green Bay Correctional Institution Security Director Pete Ericksen, from harassing and retaliating against him for initiating the two federal lawsuits. This motion must fail because plaintiff is seeking emergency relief on a matter that he did not raise in his complaint against a non-party.

      In his motion, plaintiff alleges that some time after February 10, 2010, Security Director Ericksen suspended plaintiff's visitation privileges with a female visitor, K.B., ostensibly because he received fabricated information from an informant that plaintiff was involved in smuggling

1

contraband into the institution.  Additionally, Ericksen caused a conduct report to be issued against plaintiff for having unauthorized internet materials in his cell.  Plaintiff alleges further that on March 11, 2010, after plaintiff had been served with discovery requests from defendants, Security Director Ericksen ordered another correctional officer to search jailhouse lawyer Oscar McMillian's cell and seize documents pertaining to plaintiff's two lawsuits and other legal files that McMillian had in his cell.

Plaintiff contends that Security Director Ericksen is harassing and retaliating against him for initiating these lawsuits.  This claim is not properly raised on a motion for preliminary injunction.  In situations in which a plaintiff alleges that the individuals have retaliated against him for initiating a lawsuit, it is the policy of this court to require the claim to be presented in a lawsuit separate from the one that is alleged to have provoked the retaliation.  This is to avoid the complication of issues that can result from an accumulation of claims and parties in one action.

The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit.   In this case, the only claim of retaliatory conduct that plaintiff has made that might suggest that he is being physically prevented from prosecuting this case is the removal of his legal documents from Oscar McMillian's cell.  In the court's orders granting him leave to proceed *in forma pauperis*, plaintiff was told expressly to "keep a copy of all documents for his own files" Dkts. ##7 and 4.  Further, inmates do not have a constitutional right to receive legal assistance from

2

a particular inmate when the prison provides other means of insuring the inmate's right of access to the courts. *Johnson v. Avery*, 393 U.S. 483 (1969); *Gometz v. Henman*, 807 F.2d 113 (7th Cir. 1986) (prison officials' refusal to deny plaintiff access to one jailhouse lawyer did not deny his access to courts when there were legitimate penological reasons for doing so, other jailhouse lawyers were available and prison had law library).  On the facts, there is no legal basis to find that plaintiff is being prevented from prosecuting this case.  If plaintiff intends to pursue his retaliation claim against Security Director Ericksen, he will have to do so in a lawsuit separate from this one.

ORDER

IT IS ORDERED that plaintiff's motion for temporary injunctive relief from harassment and retaliatory conduct is DENIED.

Entered this 29th day of April, 2010.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3