IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK WILLIAMS,

          Plaintiff,                        ORDER

v.

                                            09-cv-485-bbc

WILLIAM POLLARD and
LT. THOMAS CAMPBELL,

          Defendants.

---

Plaintiff Derek Williams was allowed to proceed on his claims that defendants William Pollard and Lt. Campbell violated his procedural due process rights by either holding or upholding an unfair disciplinary hearing, that Pollard violated his equal protection rights by upholding a punishment against him that was harsher than the punishment given to the white inmate involved in the incident and that defendants violated his Eighth Amendment rights by the conditions in segregation. Now before the court is plaintiff's motion to compel discovery, dkt. 28.

In his motion, plaintiff moves to compel the production of documents requested in his discovery requests 1through 10 and 15. Although plaintiff does not include with his motion either the requests or defendants' responses, plaintiff's requests, dkt. 13, and defendants' responses, dkt.27, Exh. 7, are in the record.

Plaintiff's requests 1 through 4 request statistical information on the race of inmates disciplined and the punishments imposed from January 1, 2008 to the present. Defendants object to this request as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

In their response to plaintiff's motion to compel, defendants argue that they should not be compelled to produce this information because plaintiff was not allowed to proceed on any claim that there is an institutional policy of racial discrimination and that each conduct report and punishment is dependent on the facts of the incident.

The track records of the hearing examiner (defendant Campbell) and the reviewer (defendant Pollard) are sufficiently relevant to plaintiff's equal protection allegations so as to allow some discovery. Defendants are to disclose the disciplinary decisions (including sentences imposed, reviews and appeals) made by Cambell and Pollard in 2008-09, redacting out personal identifying information of the prisoner but including the race or ethnic background of the prisoner if it can be ascertained, and including whether witness requests and requests for video evidence were made, then granted or denied, if it is not unduly burdensome to generate this information.

Beyond this, I agree with defendants that the requested information is not discoverable because it is not sufficiently relevant to the claims actually allowed by this court.

Request 15 asks for individual listings of the actual night light wattage for each individual cell in the new segregation unit, along with review and approval requests. Defendants responded that segregation cell night lights in observation cells are 9 watts and all other segregation cells are 5 watts. They respond that no review or approval requests exist. This response is adequate.

ORDER

IT IS ORDERED that plaintiff's motion to compel responses to his discovery requests is GRANTED IN PART and DENIED IN PART in the manner and for the reasons stated above. Defendants must provide the requested information not later than August 30, 2010.

Entered this 16th day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge