IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK WILLIAMS,

        Plaintiff,                              ORDER

v.

                                         09-cv-485-bbc

WILLIAM POLLARD and
LT. THOMAS CAMPBELL,

        Defendants.

---

      Plaintiff Derek Williams was allowed to proceed on his claims that defendants William Pollard and Lt. Campbell violated his procedural due process rights by either holding or upholding an unfair disciplinary hearing, that Pollard violated his equal protection rights by upholding a punishment against him that was harsher than the punishment given to the white inmate involved in the incident and that defendants violated his Eighth Amendment rights by the conditions in segregation. On August 16, 2010, I granted plaintiff's motion to compel defendants to produce by August 30, 2010 documents in response to his requests 1 through 4 for statistical information on the race of inmates disciplined and the punishments imposed from January 1, 2008 to the present, "if it is not unduly burdensome to generate this information." On August 27, 2010, defendants filed a motion to reconsider my order, stating that it was unduly burdensome to generate this information. Their motion was supported by the affidavit of defendant Pollard. Pollard asserts that there is not an existing database from which such information can be pulled and that staff would be required manually to search though each and every inmate file to determine whether any disciplinary documents exist.

In response, Williams states that on May 13, 2008, Governor James Doyle signed an executive order requiring the Department of Corrections to create a computerized system to maintain the records of issuance and adjudication of major conduct reports. In reply defendants' counsel attaches an email from defendant Pollard that states that, although the Department is in the process of implementing a computer system which may meet the Governor's direction, it has not been completed. I conclude that the documents plaintiff seeks are only marginally relevant and cannot be retrieved easily. Therefore, I am going to grant defendants' motion to reconsider and not compel them to provide the documents in response to plaintiff's requests 1-4.

In addition, plaintiff has filed motions to reconsider my orders on his motion for appointment of counsel and his request for an extension of time. In his motion for reconsideration of the denial of his motion for appointment of counsel, plaintiff continues to argue that he cannot represent himself in this case. As I previously stated, I am not persuaded by his arguments. Therefore, his motion for reconsideration of the denial of his motion for appointment of counsel will be denied.

Finally, plaintiff asks for an extension of time to file his response to defendants' motion for summary judgment. Defendants filed their motion for summary judgment on June 3, 2010. Plaintiff's brief in opposition was to be filed no later than July 6, 2010. On July 12, 2010, plaintiff filed his first motion for extension of time to file his opposition materials. I granted him an extension of time until August 20, 2010. On August 23. 2010, plaintiff filed a second motion for extension of time, which I granted until September 15, 2010. On that date, plaintiff submitted a request asking for more time because he had not received the discovery he requested. Plaintiff has had three months to prepare his opposition materials and has failed to

do so. Instead he has filed motions for reconsideration of this court's orders (dkts. 4, 6, 17, 43 and 44). Further, he has waited until the deadline or after the deadline to request extensions of time to file his opposition materials. Trial in this case is just over a month away and plaintiff has chosen not to meet the extended deadline to respond to defendants' motion for summary judgment. His request for a third motion for an extension of time will be denied and defendants' motion for summary judgment is taken under advisement by the court.

ORDER

IT IS ORDERED that

1. Defendant's motion for reconsideration, dkt. 37, is GRANTED and my order compelling the production of documents in plaintiff's requests 1-4 is VACATED.

2. Plaintiff's motion for reconsideration of the denial of his motion for appointment of counsel, dkt. 44, is DENIED.

3. Plaintiff's motion for an addition extension of time, dkt. 43, is DENIED, and the defendants' motion for summary judgment is now taken under advisement.

Entered this 22nd day of September, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge