IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK WILLIAMS,

                Plaintiff,                              ORDER

   v.

                                                    09-cv-485-wmc

WILLIAM POLLARD and
LT. THOMAS CAMPBELL,

                Defendants.

---

On September 22, 2010, Magistrate Judge Stephen Crocker issued an order denying Williams' third motion for an extension of time to file his opposition to defendant's motion for summary judgment. In this order, Judge Crocker also vacated his order compelling the production of statistical information on the race of inmates disciplined because the information was only marginally relevant and defendants had shown that it could not be easily retrieved.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Williams now asks the court to overturn the court's September 22 order, asking for an order compelling the production of statistical information and giving him an additional thirty days to respond to the motion for summary judgment. To prevail, Williams must show that the magistrate's order is clearly erroneous or contrary to law. *Id.* For the reasons stated below, Williams' motion is denied.

In his order, Judge Crocker thoroughly explained his reasons for refusing to compel the defendants to produce the statistical information on race. In making his decision, the judge credited the affidavit of defendant Pollard in which he asserted that there was no existing database from which the requested information could be retrieved. The magistrate judge further concluded that the retrieval of this information by manually searching every inmate file would be unduly burdensome.

In his motion, Williams argues that the production of the statistical information would not be unduly burdensome, but has submitted no evidence to contradict Pollard's affidavit that the information would have to be retrieved through the painstaking process of manually reviewing and compiling information from each inmate file. The burdensomeness of such a retrieval, absent some minimal showing that Williams' discipline may have been the product of actual racial animus, is more than sufficient to uphold the magistrate's decision on <u>de novo</u> review, much less under the much more lenient standard articulated in § 636(b). Indeed, the reasons set forth in the Court's summary judgment opinion also issued today demonstrate Williams' request for statistical data truly constitutes a proverbial, unjustified fishing expedition.

As to the motion for yet another extension of time, Judge Crocker found that Williams had already been given ample time to file his opposition materials to defendants' motion for summary judgment, which had been filed on June 3, 2010. Williams nevertheless argues again that because of the discovery dispute over statistical information, he was not dilatory in filing his opposition to defendant's motion for summary judgment. Williams has now been given <u>three months</u> to prepare his opposition materials and has failed to do. The statistical information that he requested was, at best, tangentially relevant to his opposition to defendants' motion for summary judgment. The motion related principally to events about which Williams had personal knowledge. Therefore, his own affidavit could have been presented in opposition to the motion for summary judgment. On this record, therefore, Williams simply has not shown that the magistrate judge's decisions to deny his request for a further extension of time was clearly erroneous or contrary to law.

ORDER

IT IS ORDERED that plaintiff Derek Williams' motion for reconsideration of Magistrate Judge Stephen Crocker's September 22, 2010 order, dkt. #48, is DENIED.

Entered this 8th day of October, 2010.

                                                  BY THE COURT:
                                                  /s/
                                                  WILLIAM M. CONLEY
                                                  District Judge